UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ONER GOMEZ,

        Petitioner,

    v.                                                                 Case No.:  2:26-cv-01033-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al*,

        Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Oner Gomez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Gomez is a native of Cuba who was paroled into the United States on November 22, 1999, and later adjusted his status to lawful permanent resident.  In 2013, he was convicted of aggravated battery with a deadly weapon, two counts of burglary, and grant theft.  An immigration judge ordered him removed on January 8, 2015.  Immigration and Customs Enforcement ("ICE") detained him until April 14, 2015, when it released him under an order of supervision.  On November 10, 2025, Gomez was arrested for theft and drug offenses.  ICE revoked his release and took him into custody. He is currently detained at Alligator Alcatraz.  Gomez argues his detention is

unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Gomez carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2015, and no change in circumstances make removal more likely now. The burden shifts to the government. It claims Gomez impeded removal efforts by not signing some unidentified paperwork. But the evidence does not support that claim. Almost all the documents submitted by the government bear Gomez's signature. The only exception is the proof of service on the notice of revocation of release, and the lack of Gomez's signature on that form could not plausibly prevent removal. The Court finds no significant likelihood Gomez will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially

dangerous individuals and subject to strong procedural protections." *Id.* Given Gomez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Oner Gomez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Gomez poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Gomez may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record